**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAPHNE TAI,**

**Plaintiff,**

**v.** **Case No. 8:06-cv-1117-T-30TBM**

**TRANSAMERICA LIFE**
**INSURANCE COMPANY,**

**Defendant.**
_________________________________/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Compel Answers to Interrogatories and Production of Documents** (Doc. 10). By its motion, Defendant seeks an Order compelling Plaintiff to respond to Defendant's First Interrogatories to Plaintiff and Defendant's First Requests for Production of Documents to Plaintiff, which were served on Plaintiff on September 11, 2006. See (Doc. 10).

Although the motion may have merit, this court finds that Defendant has failed to comply with Local Rule 3.01(g), which provides in pertinent part:

> Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

M.D. Fla. R. 3.01(g).  Although Defendant includes in its motion a statement that it has contacted opposing counsel in writing in a good faith effort to resolve the issue, the local rule contemplates that counsel will speak to one another prior to filing a motion.[1]  Had the moving party followed the procedure set forth in this rule, this court's involvement may have been unnecessary.

Accordingly, it is **ORDERED** that **Defendant's Motion to Compel Answers to Interrogatories and Production of Documents** (Doc. 10) is **DENIED without prejudice**.

**Done and Ordered** in Tampa, Florida, this 9th day of November 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] The court has read paragraph five of the motion to indicate that the contact required by the local rule was conducted by means of the letter referenced in the same paragraph.  If counsel did in fact speak with Plaintiff's counsel prior to filing the instant motion, he may re-file the motion and state as such in the certification.